SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1461 PA (JEMx) | Date | May 24, 2010 |
|---|---|---|---|
| Title | Pom Wonderful LLC v. M.H. Zeigler and Sons, L.L.C., dba Zeigler Beverage Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a motion to dismiss ("Motion") (Docket No. 7) filed by defendant M.H. Zeigler and Sons, L.L.C., dba Zeigler Beverage Co. ("Defendant"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing scheduled for May 24, 2010 is vacated, and the matter taken off calendar.

**I.   Background**

Plaintiff Pom Wonderful LLC ("Plaintiff") produces, markets and sells POM Wonderful brand pomegranate juice. Defendant is one of Plaintiff's competitors in the bottled pomegranate juice market. Among Defendant's beverage products is a pomegranate juice product which bears a label stating that the product contains only pomegranate juice, is "100% juice" and contains "no added sugars." Plaintiff alleges that these claims are false and misleading, as proven by laboratory tests concluding that Defendant's beverage product contains apple, cherry or aronia juice, and is therefore not 100% pomegranate juice. Accordingly, Plaintiff claims that Defendant wrongfully tricks customers into thinking they are purchasing a product comparable to Plaintiff's at a lower price, when they are instead purchasing an inferior product. Plaintiff alleges that Defendant's conduct has resulted in increased sales for Defendant, but that Plaintiff's sales have been hindered and Plaintiff's goodwill has been damaged by Defendant's false representations. Accordingly, Plaintiff is alleging claims against Defendant for: (1) false advertising under the Lanham Act; (2) false advertising under the California Business & Professions Code; and (3) statutory unfair competition under the California Business & Professions Code.

Now, Defendant is moving to dismiss Plaintiff's two state law claims for false advertising and statutory unfair competition under the California Business & Professions Code. Defendant argues that Plaintiff does not have the requisite standing to assert these claims because it has not alleged and cannot allege any actual loss of money or property that is subject to restitution.

SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1461 PA (JEMx) | | Date | May 24, 2010 |
|---|---|---|---|---|
| Title | Pom Wonderful LLC v. M.H. Zeigler and Sons, L.L.C., dba Zeigler Beverage Co., et al. | | | |

### II.     Motion to Dismiss Standard

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a).  While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice."  Fed. R. Civ. P. 12(b)(6), 8(e).  The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).

The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6).  See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).  However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  Twombly, 550 U.S. at 561, 127 S. Ct. at 1968, 167 L. Ed. 2d 929 (internal quotation omitted).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]."  Id. at 556, Id. at 1965, 167 L. Ed. 2d 929.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ."  Id. (citing 5 C. Wright Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65, 167 L. Ed. 2d 929 (internal quotations omitted).

### III.     Analysis

Defendant argues that Plaintiff's claims for false advertising and unfair competition under the California Business & Professions Code should fail because Plaintiff has not suffered any injury in fact and therefore does not have standing to pursue these claims.  The Court agrees.

 Under California Business and Professions Code § 17200, et seq. ("Unfair Competition Law" or "UCL"), a plaintiff bringing a private cause of action for unfair competition must have "suffered injury in fact and . . . lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.  Similarly, a plaintiff bringing an action under California Business and Professions Code §

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1461 PA (JEMx) | Date | May 24, 2010 |
|---|---|---|---|
| Title | Pom Wonderful LLC v. M.H. Zeigler and Sons, L.L.C., dba Zeigler Beverage Co., et al. | | |

17500 et seq. ("False Advertising Law" or "FAL"), must establish that it "has suffered injury in fact and has lost money or property as a result of a violation of [the FAL]." Cal. Bus. & Prof. Code, § 17535. "An injury in fact is '[a]n actual or imminent invasion of a legally protected interest, in contrast to an invasion that is conjectural or hypothetical.'" Hall v. Time Inc., 158 Cal. App. 4th 847, 853, 70 Cal. Rptr. 3d 466, 470 (2008) (quoting Black's Law Dict. 801 (8th ed. 2004)). If the alleged injury in fact is the loss of profits unfairly obtained by another party, a plaintiff may recover those profits to the extent that they "represent monies given to the defendant or benefits in which the plaintiff has an ownership interest." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1148 (2003). As such, restitution is not limited to the return of money or property that was once in the possession of the plaintiff. Id. at 1149. However, a plaintiff cannot recover money or property in which it has only an expectancy or contingent interest; it must have a vested interest in the money or property it seeks to recover. Id.

Here, Plaintiff contends that "Zeigler should be required to make a restitutionary disgorgement of its profits which are attributable to its wrongful taking of Pom's vested interest in its rightful share of the pomegranate juice market." (Opposition, p. 2.) Plaintiff further argues that the inability to trace any of the alleged lost profits back to Plaintiff does not prevent such recovery in the form of restitutionary disgorgement. (Opposition, p. 4.)

Plaintiff's arguments are without merit. Although Plaintiff is correct in asserting that restitutionary disgorgement is not limited to money or property that is traceable to it, Plaintiff is incorrect in its contention that it has adequately alleged an injury in fact in the form of its market share. This Court agrees with the other courts in the Central District that have concluded that there is no reasonable definition of vested interest that would include market share. See Pom Wonderful LLC v. Tropicana Products, Inc., et al., CV 09-00566 DSF (CTx); Pom Wonderful LLC v. Welch Foods, Inc., CV 09-00567 AHM (AGRx); Pom Wonderful LLC v. Coca Cola Co., CV 08-06237 SJO (FMOx). To the extent that Plaintiff may have any interest in the profits that Defendant made from the sale of Defendant's juice product, such an interest is, at best, an expectancy or contingent interest. Accordingly, the Court finds that Plaintiff has not, and cannot in good faith allege any injury in fact that would give it the necessary standing to bring its UCL and FAL claims.

### Conclusion

For the foregoing reasons, Defendant's motion to dismiss is granted without leave to amend.

IT IS SO ORDERED.

_____ : _____

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1461 PA (JEMx) | Date | May 24, 2010 |
|---|---|---|---|
| Title | Pom Wonderful LLC v. M.H. Zeigler and Sons, L.L.C., dba Zeigler Beverage Co., et al. | | |

Initials of Preparer